UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-457-RJC
(3:11-cr-253-RJC-1)

| | |
|---|---|
| NAZIM HOSEIN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I. BACKGROUND**

In late 2010 and early 2011, pro se Petitioner Nazim Hosein, a native and citizen of Trinidad and Tobago, and his wife, Sherina Hosein, submitted fraudulent information to lenders to obtain financing for the purchase of three luxury vehicles valued at more than $100,000. (Crim. Case No. 3:11-cr-253-RJC-1, Doc. No. 151 at ¶¶ 7-12: PSR). After a joint trial, both parties were convicted of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349; two counts of making a false statement to obtain a loan, in violation of 18 U.S.C. § 1014; and bank fraud in violation of 18 U.S.C. § 1344. (Id., Doc. No. 170: Judgment). On July 31, 2013, this Court sentenced Petitioner to 36 months of imprisonment and two years of supervised release. (Id.). Despite that Petitioner was likely to be deported, this Court held that the term of supervised release was necessary to protect the public. (Id., Doc. No. 162 at 41: Sent. Tr.).

Petitioner appealed his sentence, and the Fourth Circuit affirmed. United States v.

1

Hosein, 581 F. App'x 199 (4th Cir. 2014). Following this affirmance, Petitioner's counsel moved to be relieved of serving additional pleadings, noting that it appeared that Petitioner had been deported. (Appellate Case No. 13-4646, Doc. No. 87). The Federal Bureau of Prisons Inmate Locator reflects that Petitioner was released from custody in June 2014. Petitioner's current listed address is the Mecklenburg County Jail.

Petitioner filed the present motion to vacate in August 2013, before entry of judgment and his appeal. In conclusory fashion, Petitioner raises thirteen grounds of ineffective assistance in his motion to vacate. (Doc. No. 1 at 1-2). His motion is not signed under penalty of perjury, and it does not follow the standard form as required by Rule 2 of the Rules Governing § 2255 Proceedings. On December 9, 2015, this Court ordered the Government to respond and gave Petitioner twenty days to sign his motion under penalty of perjury and to submit it in accordance with Rule 2(b)(5) of the Rules Governing § 2255 Proceedings. (Doc. No. 3). The Government filed its response on February 2, 2016. (Doc. No. 4). Petitioner has not complied with the Court's order to resubmit his petition signed under penalty of perjury.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Rule 2 of the Rules Governing Section 2255 Proceedings requires that a motion pursuant to

that section "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." This requirement is not a "mere technicality of pleading." Kafo v. United States, 467 F.3d 1063, 1068 (7th Cir. 2006). "Motions to vacate a conviction or sentence ask the district court to grant an extraordinary remedy to one who already has had an opportunity for full process." Id. Only a verified motion "permit[s] the district court to evaluate properly the movant's allegations and to determine whether a sufficient threshold showing has been made to warrant further proceedings." Id. Without such a verification, there are no allegations or facts upon which a district court may rely to grant the extraordinary relief requested, and the petition, therefore, may be summarily dismissed. See United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995), overruled on other grounds, 520 U.S. 751 (1997).

More than two months ago, this Court ordered Petitioner to sign his § 2255 motion under penalty of perjury and to resubmit it within twenty days. (Doc. No. 3). However, Petitioner has neither responded to nor complied with the Court's order. This Court has given Petitioner an opportunity "to bring his motion into conformity with the rules rather than dismissing the motion outright." See United States v. Lopez, 570 F. App'x 291, 292 (4th Cir. 2014). Because Petitioner has not signed his § 2255 motion under penalty of perjury, despite being given the opportunity to do so, his § 2255 motion will be dismissed.[1] See Lyles v. United States, Civ. No. 1:11-cv-313-MR, 2013 WL 3408937, at *1 (W.D.N.C. July 8, 2013) (unpublished) (dismissing a motion under Section 2255 for failure to sign it under penalty of perjury).

IV.     **CONCLUSION**

---

[1] Here, because Petitioner alleges that his attorney's performance was constitutionally deficient, the requirement that Petitioner sign his motion under penalty of perjury is particularly important. If Petitioner's "allegation is false, it could damage seriously the professional reputation of counsel." Kafo, 467 F.3d at 1069.

3

In sum, Petitioner's Section 2255 motion is dismissed because Petitioner failed to sign the petition under penalty of perjury.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is dismissed without prejudice for failure to conform to the mandatory requirements of Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk of Court is respectfully directed to close this case.

Signed: March 3, 2016

Robert J. Conrad, Jr.
United States District Judge